RECEIVED
IN ALEXANDRIA, LA.
JUN - 1 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| AVOYELLES PARISH SCHOOL BOARD | CIVIL ACTION NO. 08-1364 |
|---|---|
| versus | JUDGE TRIMBLE |
| UNITED STATES OF AMERICA, U.S. DEPARTMENT OF THE INTERIOR for the use and benefit of the U.S. FISH & WILDLIFE SERVICE, ET AL. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM JUDGMENT

Before the court is the report and recommendation[1] issued by the magistrate judge which recommends that the motion to dismiss filed by the United States ("Government")[2] be denied and that the motions for summary judgment filed by the Avoyelles Parish School Board ("School Board")[3] and White Oak Farms, Inc. and Bunkie Elevator and Gin Co.[4] be granted. Objections to the report and recommendation of the magistrate judge were timely filed by the government[5] and the court has carefully reviewed them, as well as the motions at issue and the remainder of the record in this case.

---

[1] R. 49.

[2] R. 40.

[3] R. 39.

[4] R. 46.

[5] R. 50.

1

The government first objects to the magistrate judge's report and recommendation on the basis that the National Wildlife Refuge System Administration Act, as amended by the National Refuge System Improvement Act of 1997, ("The Act")[6] confers authority on the Secretary of the Interior ("The Secretary") to regulate the usage of an enclosed estate owner's conventional servitude by issuance of permits with all such restrictions as the Secretary deems necessary. Specifically the government cites the mission statement of the National Wildlife Refuge System at 16 U.S.C. § 668dd(a)(2), which states

> [t]he mission of the System is to administer a national network of lands and waters for the conservation, management, and where appropriate, restoration of the fish, wildlife, and plant resources and their habitats within the United States for the benefit of present and future generations of Americans.

The government also points out that the Act prohibits members of the public from possessing any real or personal property of the United States "unless such activities are permitted under subsection (d) of this section or by express provision of the law..."[7] The government argues that, because subsection (d) authorizes the Secretary to permit, by regulation, certain uses of federal refuge lands "for any purpose, including but not limited to hunting, fishing, public recreation and accommodations, and access whenever he determines that such uses are compatible with the major purposes for which the areas were established.,"[8] a permit is required

---

[6] 16 U.S.C. §§ 668dd-668ee.

[7] 16 U.S.C. § 668dd(c).

[8] 16 U.S.C. § 668dd(d)(1)(A).

2

of Louisiana enclosed estate owners pursuant to 50 C.F.R. §§ 26.22(b)[9] and 26.27. The government also points to 16 U.S.C. § 668dd(d)(1)(B) which authorizes the Secretary to, by regulation,

> permit the use of, or grant easements in, over, across, upon, through, or under any areas within the System for purposes such as but not necessarily limited to, powerlines, telephone lines, canals, ditches, pipelines, and roads, including the construction, operation, and maintenance thereof, whenever he determines that such uses are compatible with the purposes for which these areas are established.

We do not find the language of the Act cited by the government persuasive. La. Civ. C. Art. 689 provides that

> the owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion.

Thus, the owner of an enclosed estate in Louisiana possesses a legal servitude of passage over the servient estate by operation of law.[10] In order for the enclosed landowner to utilize this

---

[9]50 C.F.R. § 26.22(b) states

> a permit shall be required for any person entering a national wildlife refuge, unless otherwise provided under the provisions of subchapter C. The permitee will abide by all the terms and conditions set forth in the permit.

50 C.F.R. 26.27, located in subchapter C as mentioned above, states

> a permit is not required to enter, travel on, and exit from any national wildlife refuge on public waters and roads, trails, footpaths, walkways, or other routes and areas which are designated for public use under the provisions of subchapter C.

[10]New Orleans & Gulf Coast Ry. Co. v. Barrios, 533 F.3d 321, 334 (5th Cir. 2008).

legal servitude, he must obtain a conventional servitude of passage by agreement of the servient estate or by judicial decree.[11] Thus, the legal servitude exists by law and cannot be "granted" by the Secretary pursuant to 16 U.S.C. § 668dd(d)(1)(B). Moreover, the provisions of the Act cited do not establish the authority of the Secretary to require Louisiana enclosed estate owners to obtain a permit in order to use their conventional servitudes, once established. Although permit procedure is certainly appropriate for the general public, who seek rights to property which they do not already possess, except as granted by the government, the right to a legal servitude already exists as to an enclosed estate owner. We note, as did the magistrate judge, that Congress could have expressly preempted enclosed estate law in this and other states with similar laws, yet did not do so. Accordingly, we agree with the magistrate judge that the Act does not preempt Louisiana enclosed estate law such that enclosed landowners must obtain a permit in order to establish a conventional servitude across federal wildlife refuge lands.

The government also argues that the magistrate judge's report and recommendation erred in its assessment of the restrictions proposed by the government. We find that, although requiring a permit for passage under the Act is contrary and, in fact, irreconcilable with fundamental Louisiana property law, the imposition of restrictions (either by agreement of the parties or by judicial decree) is wholly consistent with both federal and state law. La. Civ. C. Art. 690 provides that

> the right of passage for the benefit of an enclosed estate
> shall be suitable for the kind of traffic that is reasonably
> necessary for the use of that estate.

Thus, Louisiana enclosed estates law contemplates the imposition of restrictions, as does

---

[11] Id.

4

the Act. A similar conclusion was reached by the U.S. Fifth Circuit Court of Appeals in <u>New Orleans & Gulf Coast Railway Co. v. Barrois</u>,[12] in which the court found that

> the Louisiana statutory scheme for enclosed estate owners
> is sufficiently broad and flexible to permit the Louisiana
> courts to take account of this important public interest
> without *unreasonably* interfering with railroad operations.[13]

In the case at bar, we find, as did the <u>Barrois</u> court, that Louisiana enclosed estate law is able to be applied in such a way that neither the government's interest in its refuge lands, nor the plaintiff's interest in its property is unreasonably compromised. We further find, for the reasons expressed in the report and recommendation, that the restrictions proposed by the magistrate judge should be the only restrictions imposed upon plaintiff's conventional servitude. Thus, we reject the government's argument that the magistrate judge's recommendations concerning proposed restrictions are "premature." The government has had ample opportunity to submit evidence in support of their proposed restrictions and, considering the evidence before us, we find no just reason for delay as to this issue.

Based on our findings above, we also reject the government's assignment of error pertaining to the Administrative Procedures Act.[14] We find that, as explained by Magistrate Judge Hayes, "because Louisiana law, and by extension the [Quiet Title Act], necessitates an evaluation of the...restrictions" plaintiff's claim is not governed by the APA.[15]

---

[12] 533 F.3d 321 (5th Cir. 2008).

[13] <u>Id.</u> at 336.

[14] 5 U.S.C. §§ 1001, <u>et seq</u>.

[15] <u>Batton v. United States</u>, 2006 WL 1308147, *4 (W.D. La. 5/9/06).

The government's third assignment of error argues that the magistrate judge "misunderstood the purpose of the United States' motion to dismiss the access road issue."[16] The government asserts that it did not file its motion for disclaimer and to dismiss[17] in order to circumvent the jurisdiction of the court but, instead, to "relieve the Court of the necessity of determining whether a legal servitude existed across the lands of the Refuge to the School Board lands."[18] Having reviewed the motion at issue, we do not find that the magistrate judge's assessment of its purpose was in error. The government's motion for disclaimer asserts that, if the court accepts its disclaimer, the action by plaintiff should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. The motion acknowledges the plaintiff's legal servitude, but does not acknowledge the conventional servitude which must necessarily be established, as before, by either agreement of the parties or by judicial decree. Accordingly, we agree with the magistrate judge's conclusion that the government has not truly disclaimed all interest in plaintiff's servitude. After all, what use is plaintiff's legal servitude as a practical matter? Armed with only its legal servitude, plaintiff is still denied access to its property.

The court's goal in this type of case must be, as discussed above, to honor the mission of the National Wildlife Refuge System and the Secretary while also honoring the fundamental property rights of enclosed estate owners. Upon review of the magistrate judge's report and recommendation, as well as the remainder of the record before us, this court finds that the recommendations of the magistrate judge strikes an appropriate balance between these two

---

[16] R. 50 at p.8.

[17] R. 40.

[18] Id.

competing interests. Accordingly, the report and recommendation of the magistrate judge is hereby **ADOPTED** in full and, therefore, it is

**ORDERED, ADJUDGED** and **DECREED** that the government's motion for disclaimer and to dismiss is **DENIED** in all respects. It is further

**ORDERED, ADJUDGED** and **DECREED** that the motion for summary judgment filed by defendants White Oak Farms, Inc. and Bunkie Elevator and Gin Co. are **GRANTED**. It is further

**ORDERED, ADJUDGED** and **DECREED** that the motion for summary judgment filed by plaintiff Avoyelles Parish School Board is **GRANTED** in that this court finds that plaintiff is entitled to and is hereby **GRANTED** a conventional servitude of passage under Louisiana's laws of predial servitudes and its enclosed estate laws through the property of the United States and along and to the full extent of Lac (Lake) Long Road and Third Crossing Road, to its Section 16 lands, subject to the following restrictions only:

(1) No overnight parking on the servitude except in an emergency.
(2) The speed limit on the servitude shall be the speed limit currently in place on the road.
(3) Persons using the servitude must first unload and encase or dismantle their weapons.

The court finds, given the absence of issues to be tried after issuance of this judgment, that the bench trial of this matter, currently set for Tuesday, July 13, 2009 is hereby **CANCELLED**.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 1st day of June, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE